**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas William O'Connell, | No. CV-12-02681-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is the appeal of Plaintiff Thomas William O'Connell, which challenges the Social Security Administration's decision to deny benefits. (Doc. 17.) For the reasons set forth below, the Court vacates the ALJ's decision and remands for further proceedings.

## BACKGROUND

O'Connell applied for disability insurance benefits and for supplemental security income on June 22, 2009. (R. at 18.) In both applications, O'Connell alleged a disability onset date of May 20, 2009. (*Id.*) O'Connell met the insured status requirements of the Social Security Act through September 30, 2013. (*Id.*) His claims were denied both initially and upon reconsideration. (*Id.* at 66–69, 1–6.) He then appealed to an Administrative Law Judge ("ALJ"). (*Id.* at 7–14.) The ALJ conducted a hearing on the matter on October 17, 2011. (*Id.* at 35–61.)

In evaluating whether O'Connell was disabled, the ALJ undertook the five-step

sequential evaluation for determining disability.[1] (*Id*. at 25–26.) At step one, the ALJ determined that O'Connell had not engaged in substantial gainful activity since the alleged onset date. (*Id*. at 20.) At step two, the ALJ determined that O'Connell suffered from the severe impairments of cirrhosis of the liver due to autoimmune hepatitis, chronic obstructive pulmonary disease, and obstructive sleep apnea with fatigue. (*Id.* at 21.) At step three, the ALJ determined that none of these impairments, either alone or in combination, met or equaled any of the Social Security Administration's listed impairments. (*Id*. at 24.)

At that point, the ALJ made a determination of O'Connell's residual functional capacity ("RFC"),[2] concluding that he could perform sedentary work with some limitations. (*Id*. at 24–27.) The ALJ thus determined at step four that O'Connell retained

---

[1] The five-step sequential evaluation of disability is set out in 20 C.F.R. § 404.1520 (governing disability insurance benefits) and 20 C.F.R. § 416.920 (governing supplemental security income). Under the test:

> A claimant must be found disabled if she proves: (1) that she is not presently engaged in a substantial gainful activity[,] (2) that her disability is severe, and (3) that her impairment meets or equals one of the specific impairments described in the regulations. If the impairment does not meet or equal one of the specific impairments described in the regulations, the claimant can still establish a prima facie case of disability by proving at step four that in addition to the first two requirements, she is not able to perform any work that she has done in the past. Once the claimant establishes a prima facie case, the burden of proof shifts to the agency at step five to demonstrate that the claimant can perform a significant number of other jobs in the national economy. This step-five determination is made on the basis of four factors: the claimant's residual functional capacity, age, work experience and education.

*Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir. 2007) (internal citations and quotations omitted).

[2] RFC is the most a claimant can do despite the limitations caused by his impairments. *See* S.S.R. 96-8p (July 2, 1996).

- 2 -

the RFC to perform his past relevant work as a Customer Service Representative in a call center. (*Id*. at 27.) The ALJ did not reach step five. Given this analysis, the ALJ concluded that O'Connell was not disabled. (*Id.* at 28.)

The Appeals Council declined to review the decision. (*Id*. at 1–6.)

Plaintiff filed the complaint underlying this action on December 18, 2012, seeking this Court's review of the ALJ's denial of benefits.[3] (Doc. 1.) The matter is now fully briefed before this Court. (Docs. 17, 23, 29.)

## DISCUSSION

### I. STANDARD OF REVIEW

A reviewing federal court will only address the issues raised by the claimant in the appeal from the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). A federal court may set aside a denial of disability benefits only if that denial is either unsupported by substantial evidence or based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a scintilla but less than a preponderance." *Id.* (quotation omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* (quotation omitted).

However, the ALJ is responsible for resolving conflicts in testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). This is so because "[t]he [ALJ] and not the reviewing court must resolve conflicts in evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citations omitted).

---

[3] Plaintiff was authorized to file this action by 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . .").

## II. ANALYSIS

O'Connell argues that the ALJ erred by: (A) finding that O'Connell's impairments do not meet or equal a listed impairment without substantial evidence in the record at step three; (B) failing to properly weigh medical source opinion evidence; and (C) failing to properly weigh subjective complaint reporting. The Court will address each argument in turn.

### A. Determination That Impairments Do Not Meet or Equal Listed Impairment

Plaintiff first argues that the ALJ erred by failing to sufficiently explain her finding at step three that O'Connell's impairments do not meet or equal a listed impairment. (Doc. 17 at 10.) Plaintiff specifically challenges the ALJ's statement that "[t]here are no pulmonary function test results indicating listing level impairment of respiratory functioning [or other medical evidence of such impairment in the record] . . . since the alleged onset date that meet the criteria under the Listings." (R. at 24.) In response, Plaintiff notes that the record does contain one test result, dated April 6, 2009 (R. at 479), that meets the required FEV levels for chronic obstructive pulmonary disease under the Listings. However, this test result occurred before May 20, 2009, the date of the alleged onset of Plaintiff's disability. Plaintiff does not dispute that the ALJ was thus correct in noting that the test results in the record since the alleged onset date do not meet the required FEV levels. (*See, e.g.*, R. at 417, 610.) The ALJ therefore did not err in making this assertion.

Plaintiff does not argue that the ALJ's explanation of her determination is otherwise incorrect or inadequate. Nor does Plaintiff establish that the April 6, 2009 test complied with the requirements to be used for adjudication under 3.02(A) which require that the FEV1 should represent the largest of at least three satisfactory forced expiratory maneuvers, two of which should be reproducible for both pre-bronchodilator tests. 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.02(A). There is no evidence submitted by Plaintiff that the April 6 test complied with that requirement. And, as the ALJ noted, although the

one test noted severe obstructive lung disease Dr. Raza noted that the Plaintiff had "extremely good functional status" and that the Plaintiff did not need to use the prescribed inhalers. Thus, the Court finds the ALJ did not err in her step three determination.

### B.   Medical Source Opinion Evidence

Next, Plaintiff asserts that the ALJ erred in failing to articulate sufficient reasons for giving undue weight to one of the state agency physicians and for rejecting the medical source opinion evidence from Plaintiff's treating physicians. (Doc. 17 at 13–20.)

#### 1.   State Agency Physicians

O'Connell argues that the ALJ erred in her consideration of one of the state agency physician's opinion evidence. O'Connell asserts that the ALJ gave too much weight to Dr. Quinones's opinion evidence because he did not treat O'Connell and because Dr. Quinones failed to sufficiently explain the findings in his opinion. (Doc. 17 at 18–19.) However, the ALJ gave only some weight to Dr. Quinones's findings, and did so only to the extent the findings were consistent with objective findings. (R. at 27.) As such, the ALJ did not err in giving some weight to Dr. Quinones's opinion evidence.

#### 2.   Treating Physicians

Next, O'Connell argues that the ALJ erred in failing to articulate sufficient reasons for rejecting the medical source opinion evidence from his treating physicians. The regulations impose a hierarchy for medical opinions offered by licensed physicians. The opinion of a treating physician is given more weight than non-treating and non-examining medical sources. *See* 20 C.F.R. § 404.1527; *Orn v. Astrue,* 495 F.3d 625, 631 (9th Cir. 2007); *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995). When the treating doctor's opinion is uncontradicted, the ALJ can reject those conclusions only for "'clear and convincing' reasons." *Lester,* 81 F.3d at 830 (quoting *Baxter v. Sullivan,* 923 F.2d 1391, 1396 (9th Cir. 1991)). Even when another doctor disagrees with the treating doctor's opinion, the ALJ can reject the treating doctor's conclusions only when he provides "'specific and legitimate reasons' supported by substantial evidence in the record for so

doing." *Id.* (quoting *Murray v. Heckler,* 722 F.2d 499, 502 (9th Cir. 1983)).

The ALJ considered opinion evidence from three of Plaintiff's treating physicians: Drs. Mohammed Raza, Mohammed Khan, and Savinda Satapathy. Dr. Raza, Plaintiff's treating pulmonologist, found that Plaintiff's shortness of breath does severely affect his ability to function. (R. at 661–63.) Dr. Raza found that O'Connell's impairments limit his ability to perform work-related activities, but it is not clear from his statement that Dr. Raza found that O'Connell is not able to sustain activity necessary for employment. (*Id.*) The ALJ concludes that Dr. Raza "did not opine that the claimant's limitations would preclude all work" and that "his opinion is not inconsistent with those determined in this decision." (R. at 26–27.) It is true that Dr. Raza does not specifically state that O'Connell is precluded from all work. After having reviewed the exhibits pertaining to Dr. Raza, the Court cannot conclude that the ALJ erred when it characterized his treatment records as being consistent with some work limitations, but not limitations sufficient to qualify O'Connell for disability benefits. Next, Dr. Mohammed Khan, Plaintiff's treating gastroenterologist, found that O'Connell cannot perform full-time work on a regular and consistent basis. (R. at 532.) The ALJ stated that the specific limitations noted by Dr. Khan "are not entirely inconsistent with the limitations assigned in [her] decision." (*Id.* at 27.) The ALJ does not explain how this can be the case when Dr. Khan concluded that O'Connell is unable to work a forty-hour workweek, and the ALJ reached the opposite conclusion. The ALJ did not specify what, if any, weight she gave to Dr. Khan's opinion.

Dr. Satapathy, Plaintiff's primary care provider, also stated that Plaintiff is unable to work full-time. (R. at 659.) The ALJ determined that Dr. Satapathy's findings were not well-supported by the clinical records and inconsistent with those of Plaintiff's treating specialists. (*Id.* at 27.) Beyond this general statement, the ALJ does not specify any portions of the record that she asserts conflicts with Dr. Satapathy's findings.

Because the ALJ failed to sufficiently explain her rejection of and the potential inconsistencies between the treating physician's opinion evidence, the ALJ committed legal error that is not harmless. The ALJ's decision must therefore be vacated.

### C. Consideration of Subjective Complaints

Finally, O'Connell contends that the ALJ erred in failing to properly consider subjective complaints. First, O'Connell asserts that the ALJ erred in finding that his testimony was not fully credible as to the severity and extent of his limitations. (Doc. 17 at 20–28.) The ALJ must engage in a two-step analysis in determining whether a claimant's testimony is credible. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007). The ALJ must first "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* at 1036. If he has, and the ALJ has found no evidence of malingering, then the ALJ may reject the claimant's testimony "only by offering specific, clear and convincing reasons for doing so." *Id.* If an ALJ finds that a claimant's testimony relating to the intensity of his pain and other limitations is unreliable, the ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive. *See Bunnell v. Sullivan,* 947 F.2d 341 (9th Cir. 1991). The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). These findings, properly supported by the record, must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain. *Bunnell*, 947 F.2d at 345–46 (internal quotation marks and citation omitted).

Here, at the first step, the ALJ concluded that O'Connell's medically determinable impairments could reasonably be expected to produce his alleged symptoms. (R. at 24.) However, at the second step, the ALJ found that O'Connell's statements regarding the intensity, persistence, and limiting effects of his symptoms were not credible to the extent that they conflicted with the ALJ's RFC assessment. (*Id.* at 24–27.) The ALJ did not state that she found any evidence of malingering; thus, her reasons for rejecting O'Connell's

symptom testimony must be clear and convincing. *Lingenfelter*, 504 F.3d at 1036. The ALJ's general statement that O'Connell's symptom testimony conflicts with the RFC does not itself constitute "specific, clear and convincing reasons" for discounting her testimony. Indeed, the ALJ is required to consider O'Connell's symptom testimony in making the RFC assessment. 20 CFR § 416.945(a)(3). "Dismissing a claimant's credibility because it is inconsistent with a conclusion that must itself address the claimant's credibility is circular reasoning" that cannot be sustained by this Court. *Leitheiser v. Astrue,* No. CV 10–6243–SI, 2012 WL 967647 at *9 (D. Or. Mar. 16, 2012).

However, beyond this general statement, the ALJ did provide clear and convincing reasons for her finding that O'Connell's symptom testimony was only somewhat credible. First, the ALJ cited to objective medical evidence in the record that does not support his testimony. (R. at 24–27.) This included numerous portions of O'Connell's medical records noting symptom improvement and that symptoms were well-controlled by treatment. (*Id.*) For example, the ALJ noted that the records indicate Plaintiff's liver disease has been stable since his June 2009 discharge from the hospital (*Id.* at 25–26) and that the records show improvement in his respiratory symptoms when Plaintiff utilized prescribed medications (*Id.* at 26). Accordingly, the ALJ did not err in finding O'Connell's symptom testimony only somewhat credible.

Next, Plaintiff asserts that the ALJ erred in failing to consider the opinion evidence from his father. (*Id.* at 27.) In his third-party report, Plaintiff's father did indicate that Plaintiff often has fatigue and that this fatigue limits his ability to do heavy cleaning and lifting (*Id.* at 192), to ride his bicycle as often or for as long as he once had (*Id.* at 193), and to walk distances (*Id.* at 195). However, this report is not inconsistent with the ALJ's finding that Plaintiff has significant limitations, but can perform a limited range of sedentary activity. For example, Plaintiff's father did not indicate that Plaintiff is limited in his ability to sit, concentrate, or follow instructions. (*Id.* at 195.) The ALJ's determination does not conflict with the third-party report and thus the ALJ did not err in failing to explicitly address that report.

Lastly, Plaintiff asserts that the ALJ erred by giving an inadequate hypothetical to the vocational expert because her hypothetical did not include all limitations suggested by Plaintiff's treating physicians. However, the ALJ need only consider medical limitations supported by the record. As discussed above, the ALJ did not provide sufficient justification for her rejection of the treating physicians' opinion evidence. It is therefore not clear whether she erred by failing to include some of the limitations assessed by those treating physicians in her hypothetical to the vocational expert.

### III. REMEDY

Having decided to vacate the ALJ's decision, the Court has the discretion to remand the case either for further proceedings or for an award of benefits. *See Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998). The rule in this Circuit is that the Court should remand for an award of benefits where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting [certain] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Smolen v. Chater*, 80 F.3d 1273, 1292 (1996).

Here, the ALJ's decision does fail to provide legally sufficient evidence for rejecting Khan's opinion that Plaintiff could not work a forty-hour workweek. However, when that evidence is credited as true, it is not clear from the record that the ALJ would be required to find disability. Crediting Dr. Kahn's opinion as true, Drs. Khan and Satapathy concluded that O'Connell is precluded from full-time work. (R. at 532–33, 659–60.) However, as this Court has already discussed, the ALJ did not err in characterizing Dr. Raza's report as one that demonstrates work limitations, but not a complete inability to work a forty-hour workweek.   (R. at 661–63.) Because there is inconsistency among the treating physicians regarding the ability of the claimant to work a full employment schedule, it is still uncertain, in light of the separate opinions from the treating physicians, that the claimant is entitled to disability benefits.  The weighing and evaluation of such opinions must be resolved by the ALJ and  it is not clear that, in

- 9 -

conducting such balancing, the ALJ would be required to award benefits, even when Dr. Khan's opinion is credited as true.

Further, because it is not clear whether the ALJ properly rejected the treating physicians' opinion evidence, it is not clear whether the ALJ erred in failing to include some of the limitations assessed by those physicians in her hypothetical to the vocational expert. Therefore, the Court will remand the case for further proceedings consistent with this order.

### CONCLUSION

The ALJ made a legal error in failing to provide sufficient explanation for her rejection of the treating physicians' opinion testimony that Plaintiff could not work a forty-hour workweek. Because this error was not harmless, the ALJ's decision must be vacated and the case must be remanded for further proceedings consistent with this order.

**IT IS HEREBY ORDERED** that the ALJ's decision is **VACATED.**

**IT IS FURTHER ORDERED** that this action is **REMANDED** for further proceedings.

Dated this 9th day of January, 2014.

/G. Murray Snow
United States District Judge